IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KREISLER & KREISLER, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-903-GPM |
| | ) |
| NATIONAL CITY BANK and PNC | ) |
| FINANCIAL SERVICES GROUP, INC., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the notice of voluntary dismissal filed by Plaintiff Kreisler & Kreisler, LLC ("Kreisler") (Doc. 8). This case was brought originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and has been removed to this Court by Defendants National City Bank ("National") and PNC Financial Services Group, Inc. ("PNC"). Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

Under the CAFA federal courts have jurisdiction on removal, with exceptions that are not relevant here, *see* 28 U.S.C. § 1332(d)(3), (d)(4), (d)(5), (d)(9), as to class actions, including putative class actions, commenced on or after February 18, 2005, in which claims are asserted on behalf of one hundred or more class members, at least one class member is a citizen of a state different from that of at least one defendant or, alternatively, at least one class member is a foreign state or a citizen or subject of a foreign state and at least one defendant is a citizen of a state (and vice versa), and the

class claims exceed in the aggregate $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1), (c)(1), (d)(1)(B), (d)(1)(D), (d)(2), (d)(5)(B), (d)(6), (d)(7), (d)(8); 28 U.S.C. § 1453; *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *2 (S.D. Ill. May 18, 2006) (quoting Pub. L. 109-2, § 9, 119 Stat. 4). It appears from the record of this case that this is a putative class action commenced after the effective date of the CAFA in which a class of one hundred or more persons assert claims worth more than $5 million, exclusive of interest and costs.[1]

However, the requisite minimal diversity of citizenship required for the exercise of federal subject matter jurisdiction pursuant to the CAFA is not established by the record of this case. Under the CAFA the citizenship of corporations and unincorporated associations is determined by (1) the state under the law of which a corporation or unincorporated association is organized and (2) the state where the corporation or unincorporated association maintains its principal place of business, with the state of the principal place of business being determined in this Circuit by the location of the headquarters or "nerve center" of the corporation or unincorporated association. *See* 28 U.S.C. § 1332(c)(1), (d)(10); *Bemis v. Safeco Ins. Co. of Am.*, Civil No. 09- 315-GPM, 2009 WL 1972169,

---

1. The fact that interest appears to be a component of the damages asserted by the proposed class in this case does not mean that their claims do not satisfy the jurisdictional minimum amount. Interest is properly included in the jurisdictional amount in controversy for diversity purposes when it is part of the "entire damage claimed." *Brown v. Webster*, 156 U.S. 328, 330 (1895). *See also Edwards v. Bates County*, 163 U.S. 269, 272 (1896) (holding that interest on bonds is included in the calculation of the amount in controversy); *Travelers Ins. Co. v. Transport Ins. Co.*, 846 F.2d 1048, 1052 (7th Cir. 1988) (interest is properly part of the amount in controversy when it constitutes "damages to accomplish full compensation" of a plaintiff). The Court construes the CAFA, of course, according to the principle that the statute must be interpreted in light of legal rules established when it was enacted, save to the extent the CAFA expressly rejects and overrules established legal principles. *See Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at **13-14 (S.D. Ill. Nov. 22, 2006).

at *2 n.3 (S.D. Ill. July 8, 2009). The citizenship of a national banking association for CAFA purposes is determined by the state where it maintains its principal place of business or "nerve center" and the state listed in the national banking association's organization certificate. *See Peoples Nat'l Bank, N.A. v. American Coal Co.*, Civil No. 09-761-GPM, 2009 WL 3065198, at *1 (S.D. Ill. Sept. 23, 2009); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 932 (S.D. Ill. 2006). Here it is not altogether clear from the record in what state or states Kreisler is incorporated and has its principal place of business, nor does the record establish the citizenship of the other members of the proposed class. Additionally, the record does not show the state that is listed in National's organization certificate, just as the record does not show PNC's state of incorporation. Accordingly, the Court cannot ascertain whether in fact it has jurisdiction in this case pursuant to the CAFA.

However, it is unnecessary for the Court to delve further into the question of its subject matter jurisdiction. Because this case is a putative class action rather than a certified class action, the matter of voluntary dismissal of the case is governed by Rule 41 of the Federal Rules of Civil Procedure rather than Rule 23 of the Federal Rules of Civil Procedure. *See Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757, 764 (S.D. Ill. 2006). As the record of the case does not disclose that either National or PNC has answered Kreisler's complaint or filed a motion for summary judgment, Kreisler has an absolute right to dismiss this action by notice, notwithstanding any defects in federal subject matter jurisdiction that this case may present, and Kreisler's notice of voluntary dismissal is effective to close this case of its own force, without further action by the Court. *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-CV-592-JPG, 2007 WL 2908918, at **2-3 (S.D. Ill. Oct. 4, 2007); *Crook v.*

*WMC Mortgage Corp.*, No. 06-cv-535-JPG, 2006 WL 2873439, at *2 (S.D. Ill. Oct. 5, 2006). Therefore, the Court deems this case to be closed and directs the Clerk of Court to take all steps necessary to terminate this case administratively from the Court's docket.

**IT IS SO ORDERED.**

DATED: October 30, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge